30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick James ARCHULETA, Plaintiff-Appellant,
v.
R. WESTOVER, Inmate Disciplinary Hearing Officer, Defendant-Appellee.
 No. 93-4231.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Patrick James Archuleta ("Archuleta") appeals from the district court's dismissal of his 42 U.S.C.1983 action as frivolous under 18 U.S.C.1915(d). Archuleta, a state prisoner in Utah, filed the 1983 action against the Defendant-Appellee Westover and other unnamed prison officials after he was disciplined for possession of contraband. In his complaint, Archuleta alleged that: 1) his due process rights were violated by the disciplinary procedures; 2) the prison's disciplinary policies and procedures are unconstitutionally vague; 3) the prison violated a state liberty interest without due process; and 4) the sanctions imposed upon him for the violation were excessive and arbitrary. Archuleta challenges the district court's dismissal of these claims and the district court's conclusion that the Defendant-Appellee cannot be sued in his official capacity.
 
 
 3
 Upon review of the record and the briefs, we conclude that the district court's dismissal was not an abuse of discretion for the reasons stated in the magistrate judge's report, with the exception of the dismissal of the due process claim. We need comment only on Archuleta's due process claim based on an alleged lack of notice as to the reasons for the discipline taken against him. Although he makes that conclusory allegation in his original complaint, it is obvious from his objections to the magistrate's report that he was advised that the discipline was taken because of his possession of contraband consisting of four blister packs and altered razors. Appellant disputes the legal sufficiency of these facts to justify the discipline given him, but it is clear that he was given adequate notice of the reasons for the discipline.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470